**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**RENNER PLUMBING, HEATING & AIR CONDITIONING, INC., Respondent.**

**No. 14630.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 4, 1971.

Decided Feb. 8, 1971.

---

* Of the Third Circuit, sitting by designation.

1. The opinion of three leading members of the Dallas Bar ranged from estimates of fees of $125,000 to $168,000.

**894**

Eli Nash, Jr., Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and William F. Wachter, Atty., N. L. R. B., on the brief) for petitioner.

Flournoy L. Largent, Jr., Winchester, Va. (Largent, Anderson & Larrick, Winchester, Va., on the brief) for respondent.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

**PER CURIAM:**

The Union obtained signed authorization cards [1] from a majority of the employees in the appropriate bargaining unit and a representation election was won by the Company. The Union filed unfair labor practice charges and the Board invalidated the election, ordering the Company to bargain with the Union. The Board, after reconsidering the case in light of NLRB v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969), issued a supplemental order in which it again ordered the Company to bargain with the Union. This supplemental order was based upon the Board's finding that the Company's unfair labor practices had dissipated the Union's majority and rendered a fair or coercion-free rerun election unlikely.

The unfair labor practices as found by the Board were in the nature of interference, restraint, and coercion. The unfair conduct consisted of the intimation of additional benefits if the Union were rejected by the employees, and, if the Union won the election, the loss by employees of present benefits, such as "shop time," coffee breaks, double time on night shifts, free transportation to out-of-town jobs, and the substantial loss by the Company of the business of a then regular customer and the consequent curtailment of available work to the employees.

Upon the authority of Gissel Packing Co., *supra*, and the Supreme Court's disposition of the companion cases considered therein, we find substantial support for the Board's conclusion that the unfair labor practices rendered unlikely a fair rerun election. Consequently the order to bargain should be enforced.

Enforcement granted.

1. The authorization cards were clear and unambiguous, each stating that the signer authorized the Union to represent the employee for collective bargaining purposes. The Union made a demand that the Company bargain and offered to have the cards checked by a disinterested person. The Company simply refused to bargain and the Union then filed a petition for a representation election.